FILED
4/16/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

KSR

**Judge Lindsay C. Jenkins
Magistrate Judge Gabriel A. Fuentes
RANDOM/CAT 3**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SAMMIUDDIN SYED KHAJA,<br>HASNAIN KHAN,<br>SHIV RANDHIR KUMAR, and<br>MIRZA ASADULLA BAIG | No.<br><br>Violation: Title 18, United States Code,<br>Section 1344<br><br>**UNDER SEAL** |

## COUNT ONE

The SPECIAL APRIL 2024 GRAND JURY charges:

1. At times material to this Indictment:

a. US Bank, JP Morgan Chase, and Fifth Third Bank were financial institutions, the deposits of which were insured by the Federal Deposit Insurance Corporation.

b. Company A was a company that purported to provide diagnostic imaging and was purchased by and purportedly owned by HASNAIN KHAN.

c. Company B was a company that purported to provide x-ray and diagnostic imaging and was purchased by and purportedly owned by KHAN.

d. Company C was a company that provided portable x-ray and EKG services and was purchased by and purportedly owned by defendant SHIV RANDHIR KUMAR.

e. Company D was a company that provided portable ultrasound services and was purchased by and purportedly owned by defendant KUMAR.

1

f. Company E was a company that purported to provide x-ray and diagnostic imaging and was purchased by and purportedly owned by defendant MIRZA ASADULLA BAIG.

g. Company F was a company that purported to provide x-ray and diagnostic imaging and was purchased by and purportedly owned by defendant BAIG.

h. Financial institutions required applicants for credit to provide truthful information, including truthful information and supporting documentation about the applicant's financial condition, income, assets, length of ownership of the company, and tax filings, which information was material to lenders' approval, terms, and funding of loans and other credit products.

2. From in or around January 2014 and continuing until in or around September 2018, in the Northern District of Illinois and elsewhere,

SAMMIUDDIN KHAJA,
HASNAIN KHAN,
SHIV RANDHIR KUMAR, and
MIRZA ASADULLA BAIG,

defendants herein, participated in a scheme to defraud financial institutions and to obtain money and funds owned by and under the custody and control of a financial institution by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3. It was part of the scheme that Individual A and defendant KHAJA, would sell individuals, including defendant BAIG and others known and unknown to the Grand Jury, companies that purported to provide medical services or some other

2

form of product, for the purpose of obtaining loans, credit cards, and lines of credit in the names of the companies.

4.     It was further part of the scheme that defendant KHAJA provided defendants KUMAR and BAIG, and other known and unknown to the Grand Jury, with false tax returns, inflating the amount earned by the companies, to provide to banks in support of requests for loans, credit cards, and lines of credit.

5.     It was further part of the scheme that defendant KHAJA and KHAN provided defendants KUMAR and BAIG, and other known and unknown to the Grand Jury, with false invoices, purporting to show the purchase of equipment to be used as collateral, to provide to banks in support of requests for loans, credit cards, and lines of credit.

6.     It was further part of the scheme that defendants KHAN, KUMAR and BAIG, and others known and unknown to the Grand Jury, provided the banks with the false tax returns and invoices in support of their applications for loans, credit cards, and lines of credit.

7.     It was further part of the scheme that defendants KHAN, KUMAR and BAIG, and others known and unknown to the Grand Jury, obtained loan proceeds from the loans and lines of credit obtained by companies in which they purportedly had an ownership interest.

8.     It was further part of the scheme that defendants KHAN, KUMAR and BAIG, and others known and unknown to the Grand Jury, used and caused the use

of credit cards obtained by companies in which they purportedly had an ownership interest, including to make personal expenditures.

9. It was further part of the scheme that at the direction of KHAJA and KHAN, defendants KHAN, KUMAR and BAIG, and others known and unknown to the Grand Jury, transferred loan proceeds to numerous individuals and entities by way of checks, including to KHAJA, KHAN, and Individual A.

10. It was further part of the scheme that defendants KHAN, KUMAR and BAIG, and others known and unknown to the Grand Jury, failed to make timely payments on the loans, credit cards, and lines of credit.

11. It was further part of the scheme that defendants KHAJA, KHAN, KUMAR, and BAIG and Individual A misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the purposes of the scheme and acts done in furtherance of the scheme.

12. On or about April 23, 2015, in the Northern District of Illinois, Eastern Division, and elsewhere,

SAMMIUDDIN SYED KHAJA and
SHIV RANDHIR KUMAR,

defendants herein, did knowingly execute and attempt to execute the above-described

scheme to defraud by causing the Fifth Third Bank, a financial institution to fund a

loan in the amount of approximately $94,275 to Company D;

In violation of Title 18, United States Code, Section 1344.

COUNT TWO

The SPECIAL APRIL 2024 GRAND JURY further charges:

1.      Paragraphs 1 through 11 of Count One are incorporated here.

2.      On or about August 13, 2015, in the Northern District of Illinois, Eastern Division, and elsewhere,

HASNAIN KHAN,

defendant herein, did knowingly execute and attempt to execute the above-described scheme to defraud by causing JP Morgan Chase, a financial institution to approve a line of credit in the amount of approximately $100,000 to Company A;

In violation of Title 18, United States Code, Section 1344.

<u>COUNT THREE</u>

The SPECIAL APRIL 2024 GRAND JURY further charges:

3.     Paragraphs 1 through 11 of Count One are incorporated here.

4.     On or about August 14, 2015, in the Northern District of Illinois, Eastern Division, and elsewhere,

HASNAIN KHAN,

defendant herein, did knowingly execute and attempt to execute the above-described scheme to defraud by causing US Bank, a financial institution to fund a loan in the amount of approximately $139,209 to Company B;

In violation of Title 18, United States Code, Section 1344.

7

COUNT FOUR

The SPECIAL APRIL 2024 GRAND JURY further charges:

5. Paragraphs 1 through 11 of Count One are incorporated here.

6. On or about September 4, 2015, in the Northern District of Illinois, Eastern Division, and elsewhere,

HASNAIN KHAN,

defendant herein, did knowingly execute and attempt to execute the above-described scheme to defraud by causing the Fifth Third Bank, a financial institution to fund a loan in the amount of approximately $102,548 to Company B;

In violation of Title 18, United States Code, Section 1344.

## COUNT FIVE

The SPECIAL APRIL 2024 GRAND JURY further charges:

1.      Paragraphs 1 through 11 of Count One are incorporated here.

2.      On or about September 24, 2015, in the Northern District of Illinois, Eastern Division, and elsewhere,

SAMMIUDDIN SYED KHAJA,
HASNAIN KHAN,
and
MIRZA ASADULLA BAIG,

defendants herein, did knowingly execute and attempt to execute the above-described scheme to defraud by causing the Fifth Third Bank, a financial institution to approve a line of credit in the amount of approximately $150,000 to Company F;

In violation of Title 18, United States Code, Section 1344.

## COUNT SIX

The SPECIAL APRIL 2024 GRAND JURY further charges:

1.      Paragraphs 1 through 11 of Count One are incorporated here.

2.      On or about October 27, 2015, in the Northern District of Illinois, Eastern Division, and elsewhere,

SAMMIUDDIN SYED KHAJA,
HASNAIN KHAN,
and
MIRZA ASADULLA BAIG,

defendants herein, did knowingly execute and attempt to execute the above-described scheme to defraud by causing US Bank, a financial institution to fund a loan in the amount of approximately $100,095 to Company F;

In violation of Title 18, United States Code, Section 1344.

10

## COUNT SEVEN

The SPECIAL APRIL 2024 GRAND JURY further charges:

1. Paragraphs 1 through 11 of Count One are incorporated here.

2. On or about November 13, 2015, in the Northern District of Illinois, Eastern Division, and elsewhere,

SAMMIUDDIN SYED KHAJA,
HASNAIN KHAN,
and
MIRZA ASADULLA BAIG,

defendant herein, did knowingly execute and attempt to execute the above-described scheme to defraud by causing JP Morgan Chase, a financial institution, to approve a line of credit in the amount of approximately $150,000 to Company E;

In violation of Title 18, United States Code, Section 1344.

## FORFEITURE ALLEGATION

The SPECIAL APRIL 2024 GRAND JURY further alleges:

1.      Upon conviction of an offense in violation of Title 18, United States Code, Section 1344, affecting a financial institution, as set forth in this Indictment, each defendant shall forfeit to the United States of America any property which constitutes and is derived from proceeds obtained directly and indirectly as a result of the offense, as provided in Title 18, United States Code, Section 982(a)(2)(A).

2.      If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code Section 853(p).

A TRUE BILL:

_____

FOREPERSON


_____

UNITED STATES ATTORNEY

12